IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TYRELLE GILBERT,**

    **Petitioner,**

    **v.**

**CCA HALFWAY HOUSE,**

    **Respondent.**

CASE NO. 2:16-CV-00781
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### I.    FACTS AND PROCEDURAL HISTORY

This case involves Petitioner's March 12, 1999, convictions after a jury trial on two counts of possession of drugs, two counts of felonious assault, improperly handling firearms, and improperly discharging a firearm at or into a habitation or school. The trial court imposed an aggregate term of 18 ½ years of incarceration. Petitioner apparently did not file an appeal. The Ohio Seventh District Court of Appeals further summarized the procedural history of the case as follows:

> The original sentencing entry dated March 12, 1999, did not contain a postrelease control sentence or advisement.
>
> In a letter dated January 15, 2008, the Ohio Department of Rehabilitation and Corrections advised the sentencing judge and the prosecutor that the sentencing judgment entry did not contain a sentence for postrelease control. On January 29, 2008, the trial court issued a nunc pro tunc judgment entry that was similar in all

> respects with the March 12, 1999 judgment entry, but it added the following paragraph:
>
> "**On March 10, 1999 Defendant was informed by the Court in open Court at his sentencing hearing that he is subject to Post Release Control for a period of five (5) years beginning upon his release from prison all of which is MANDATORY pursuant to Ohio Revised Code § 2967.28(B).**" 01/29/08 J.E. (Emphasis sic.)
>
> There were instructions to send copies of this judgment entry to Gilbert.
>
> On May 16, 2011, Gilbert filed a Motion for Sentencing Hearing De Novo arguing that he was entitled to a sentencing hearing since the March 12, 1999 judgment entry did not contain a postrelease control sentence or advisement. The trial court denied the motion without holding a hearing. 06/23/11 J.E.

*State v. Gilbert*, No. 11JE21, 2012 WL 1116223, at *1 (Ohio Ct. App. Mar. 30, 2012). On March 30, 2012, the appellate court reversed the judgment of the trial court and remanded the case to the trial court for a re-sentencing hearing solely on post-release control. *Id.* Petitioner does not indicate the date of his re-sentencing hearing but does indicate that he did not pursue further state-court relief.

On July 26, 2016, Petitioner executed the instant habeas corpus petition. (Doc. 1 at PageID #: 15). According to the Petition, on August 7, 2016, he placed it in the prison mailing system. (*Id.*). Petitioner asserts that, upon his September 29, 2016, release from prison, the Ohio Adult Parole Authority unconstitutionally amended his sentence to include three to five years post release control, forcing him into a halfway house (claim one); and that he was convicted in violation Ohio's speedy trial statutes (claim two). Petitioner also raises allegations regarding Ohio's House Bill 86 (claims three and four). Specifically, Petitioner asserts:

> Ground Three:  HB 86
>
> . . . .

2

>The New Bill removing former HB 2 states R.C. 2929.11 repositioned to depopulate the prison population in Ohio where the Ohio prison system is 14,600.00 inmates over capacity and the Court knew or rather should have known that this case should have been terminated by the signing of the Bill Sept. 30, 2011.
>
>. . . .
>
>Ground Four:  HB86; Judicial fact finding, was not impl[e]mented by the attorneys of record now that the defendant is a person with the understanding of the law.
>
>. . . .
>
>Concerning maximum sentences, minimum sentences, reinstitutes state policy, declares unconstitutional states policy, reduction of amounts of public funds used to operate private prisons, to reduce the number of offenders in state prison for violations of law to moderate low level offenses, to increase the availability of community control sanctions.

(PageID #: 8–10).

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions:

>(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the provision of § 2244(d)(1)(A), Petitioner's judgment of conviction became final in April 1999, when the time period expired to file a timely appeal. *See Worthy v. Warden, Chillicothe Corr. Inst.*, No. 2:12-CV-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 408, 481 (6th Cir. 2002); Ohio App. R. 4(A)). The statute of limitations expired one year later, in April 2000. Petitioner's claim that he was convicted in violation of Ohio's speedy trial law therefore is plainly time barred.

In claims three and four, Petitioner raises issues regarding Ohio's House Bill 86. In claim one, Petitioner asserts that the Ohio Parole Board unconstitutionally imposed a term of three to five years post release control by requiring him to reside at a halfway house upon his release from incarceration. Applying the provision of 2244(d)(1)(D) to these claims, they too plainly are time-barred:

>[T]he time commences under § 2244(d)(1)(D) when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000). Also, under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal

4

> significance of the facts. *Id.* In other words, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Sorce v. Artuz*, 73 F.Supp.2d 292, 294-95 (E.D.N.Y.1999). Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts[.] *Tate v. Pierson*, 177 F.Supp.2d 792, 800 (N.D.Ill.2001)(citing to *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir.1998)). Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 Fed.Appx. 801, 804 (6th Cir. 2002).

*Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003).

Petitioner advances no reason why he could not have discovered the factual predicate for his claims long prior to one year before the filing of this habeas corpus petition. Ohio's House Bill 86 became effective in September 2011. *See State v. Trammell*, 3 N.E.3d 260, 269–70 (Ohio Ct. App. 2013). Further, in May 2011, Petitioner filed a motion for a sentencing hearing based on the lack of any provision regarding post release control in his March 1999, judgment entry. *See Gilbert*, 2012 WL 1116223, at *1. On March 30, 2012, the appellate court remanded the case to the trial court for re-sentencing on post-release control. *Id*. Petitioner therefore would have known, or could have discovered through the exercise of due diligence, the factual predicate for his claims regarding House Bill 86 and imposition of post release control long prior to the filing of this action. Additionally, the record fails to reflect a basis for equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010)(in order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has diligently pursued relief but that some extraordinary circumstance stood in his way of timely filing)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Moreover, Petitioner has never presented any of his claims to the state courts. As such, all of his claims remain unexhausted, and subject to dismissal. Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). If Petitioner's claim is that he has served the maximum sentence allowed under state law, he has a state remedy for that claim. In Ohio, "habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully." *Morgan v. Ohio Adult Parole Auth.*, 626 N.E.2d 939, 941, 68 Ohio St. 3d 344, 346 (1994). It appears that Petitioner also may pursue a motion for a delayed appeal. *See* Ohio App. R. 5(A).

Finally, the Court notes that, even if Petitioner's claims two, three, and four were properly before this Court, these claims fail to raise a basis for federal habeas corpus relief. In claim two, Petitioner asserts the alleged violation of state law. Such claim does not warrant relief. In claims three and four, Petitioner refers to House Bill 86, but fails to identify the nature of any federal constitutional issue for this Court's review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal

habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:  August 19, 2016  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE